NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12425


A.F.  vs.  D.F.


April 18, 2018.


Abuse Prevention.  Harassment Prevention.  Supreme Judicial
     Court, Superintendence of inferior courts.


     The petitioner appeals from a judgment of a single justice
of this court denying his petition pursuant to G. L. c. 211,
§ 3.  We affirm.

     The respondent sought an abuse prevention order against the
petitioner pursuant to G. L. c. 209A.  After a hearing on the
extension of the temporary ex parte order, a judge in the
District Court declined to extend the G. L. c. 209A order and
instead issued a one-year harassment prevention order pursuant
to G. L. c. 258E.  The judge subsequently denied the
petitioner's motion to reconsider,and the petitioner then filed
his G. L. c. 211, § 3, petition in the county court.  The single
justice denied the petition without a hearing.

     The petitioner has now filed a memorandum and appendix
pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001),
but he is not challenging an interlocutory ruling of the trial
court.  Regardless of whether rule 2:21 applies, however, it is
clear that the petitioner is not entitled to review pursuant to
G. L. c. 211, § 3, because he has an adequate alternative
remedy.  See O'Brien v. Borowski, 461 Mass. 415, 417-418 (2012)
(appeals from G. L. c. 258E harassment prevention orders to be
filed in Appeals Court).  The petitioner argues that the normal
appellate process would be inadequate because of the time it
would take to pursue the appeal and receive a favorable outcome.
The remedy for this concern is to seek expedited review in the

Appeals Court, a stay of the underlying order pending appeal, or both, not through a G. L. c. 211, § 3, petition in this court.

The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

<u>Judgment affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>A.F.</u>, pro se.